Hamlin, J.
Plaintiff Rashad Akeem Rasheed
(Rasheed), a state prisoner, brings this action against James Bender, Assistant Deputy Commissioner, Larry DuBois, Commissioner of Correction, Ronald Duval, Superintendent of MCI Cedar Junction and two corrections officers, Daniel Charpentier and Richard Solomon (collectively, defendants). Before this Court is Rasheed’s claim for damages under 42 U.S.C. §1983.[2] Both parties have moved for summary judgment pursuant to either Mass.R.Civ.P. 56(a) or (b). Rasheed also seeks attorneys fees pursuant to 42 U.S.C. §1988(b). For the following reasons, defendants’ motion for summary judgment is ALLOWED. Rasheed’s motion for summary judgment is DENIED.
BACKGROUND
The following facts are undisputed. Rasheed is currently confined at MCI-Cedar Junction. On November 14, 1991, Rasheed received disciplinary report #91-4265. The report charged him with threatening and using abusive language toward fellow inmate Charles Cain. On January 15, 1992, Rasheed appeared before the hearing officer. Only testimony from the reporting officer Richard Solomon and Rasheed was permitted. Rasheed was subsequently found guilty and sentenced to ten days in isolation. He did not receive credit for time already served in the segregation unit. Superintendent Duval (Duval) denied Rasheed’s appeal of the disciplinary hearing on February 6, 1992.
On December 5, 1991, Rasheed received a copy of disciplinary report #91-4155, dated November 27, 1991. This report charged Rasheed with organizing the black inmates to boycott the noon meal on October 2, 1991. The reporting officer was Daniel Charpentier. After a hearing, Rasheed was found guilty and served thirty days in isolation. Rasheed appealed this finding to Duval, who denied the appeal on February 6, 1992.
On April 6, 1992, Rasheed filed suit in this Court seeking declaratory and injunctive relief, damages and attorneys fees under 42 U.S.C. §1983. On June 29, 1993, this Court (Spurlock, J.) allowed defendants’ motion for summary judgment pursuant to G.L.c. 249, §4. On appeal, the appeals court partly affirmed the grant of summary judgment, remanding the case back to this Court for further consideration of Rasheed’s §1983 claims.
DISCUSSION
I. Standard of Review
This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving parly to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting evidence negating an essential element of the nonmoving parly’s case or by showing that the nonmoving party is unlikely to submit proof regarding that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
II. 42 U.S.C. §1983
Alleging that defendants deprived him of his constitutional right to due process, Rasheed seeks damages pursuant to §1983. Specifically, Rasheed contends that both hearings were improperly conducted and the decisions unsupported by evidence, resulting in his unlawful confinement to solitary.
In reviewing prisoners’ actions for damages under §1983, recent Supreme Court opinions have dictated that courts must consider whether a finding for the prisoner would necessarily imply the invalidity of the conviction or sentence. Edwards v. Balisok, 117 S.Ct. 1584, 1588 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994). In Edwards, the state prisoner brought a claim under §1983 alleging due process violations resulting in a loss of good-time credits. He claimed the violations occurred in part because the hearing officer concealed exculpatory witness statements, refused to ask certain questions of the witnesses which would allow for the introduction of exculpatory material and intentionally deprived the prisoner of the right to present evidence in his defense. Edwards, 117 S.Ct. at 1587.
*188 The Court dismissed the prisoner’s claim because he had failed to show that the sentence or conviction had previously been invalidated. In doing so, the Court adhered to its earlier decision in Hedc which stated that a claim for damages under §1983 is not cognizable “if a judgment in favor of the plaintiff would necessarily imply the invalidily of his conviction or sentence.” Heck, 512 U.S. at 487. Accordingly, to recover damages for an allegedly unconstitutional conviction or imprisonment, “or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" the plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into question by a federal court’s issuance of a writ of habeas corpus. Id. at 486-87. Otherwise, a court presented with such a §1983 claim must dismiss the action. Edwards, 117 S.Ct. at 1589.
Here, Rasheed claims due process violations similar to those alleged in Edwards. Rasheed, however, has failed to show that his disciplinary convictions which resulted from the purportedly improper hearings were invalidated. In fact, the evidence shows only that his direct appeals resulted in two denials by Duval. Consequently, a judgment in Rasheed’s favor would necessarily imply that his disciplinary convictions were unlawful. The Edwards/Heck ruling precludes such a result and in this case requires that judgment enter as a matter of law in favor of defendants.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment is ALLOWED and that the plaintiffs motion for summary judgment is DENIED.

 In his motion for summary judgment, Rasheed seeks relief for violations of state statutory and constitutional rights in addition to his claim for damages under §1983. The Court does not reach the state law claims as these claims' were previously dismissed as time-barred pursuant to G.L.c. 294, §4. Unlike the state law claims, the federal claims fall under a three-year statute of limitations. See Pidge v. Superintendent, Massachusetts Correctional Inst., Cedar Junction, 32 Mass.App.Ct. 14, 19 (1992) (holding that state may not apply sixty-day limit to substantive federal rights).